DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Norwalk Municipal Court, which found appellant guilty of complicity to commit theft, in violation of R.C. 2923.03 and 2913.02. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth the following two assignments of errors:
 {¶ 3} "I. The state of Ohio failed to introduce sufficient evidence to prove beyond a reasonable doubt that Mr. Derby purposely or knowingly aided and abetted the principal in committing any criminal act.
 {¶ 4} "II. The jury verdict was against the manifest weight of the evidence. The greater weight of the evidence demonstrated that Mr. Derby did not purposely or knowingly aid and abet another in committing any criminal act."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. On January 11, 2005, appellant Kenneth A. Derby was "hanging out" with several other persons at a residence in Norwalk, Ohio. The group spent the evening drinking beer, vodka, and smoking cigarettes. Later that evening, appellant and Joseph Bursley, another member of the gathering, traveled to the Rich gas station to purchase cigarettes. Appellant drove the vehicle and Bursley sat in the passenger seat.
 {¶ 6} Upon arrival at the gas station, appellant remained outside in the driver's seat, and Bursley went inside. Bursley, by his own admission, promptly stole a 12 pack of beer, jumped back in the car, and the duo immediately "took off". No cigarettes were purchased. While driving back to the residence to resume partying, appellant asked Bursley if he had stolen the beer. Bursley laughed in response to the question. Appellant claims to have "had a feeling" the beer may have been stolen, while denying any knowledge a theft was planned. They returned to the residence.
 {¶ 7} The clerk on duty at the time of the theft followed Bursley to the parking lot and was able to obtain the license plate number of the vehicle driven by appellant. The clerk immediately reported the theft and license plate information to local police. The police investigation quickly led them to appellant and Bursley. The investigating officers traveled to the location of the party and interrogated Bursley about the theft. Bursley confessed and cooperated with the police. He disclosed that appellant had driven the vehicle used in the theft.
 {¶ 8} When confronted by police, appellant lied. He adamantly denied driving the vehicle. Based upon the evidence, appellant was arrested and charged with complicity to commit theft, persistent disorderly conduct, and disorderly conduct/intoxication.
 {¶ 9} Appellant was arraigned at the Norwalk Municipal Court on all charges on January 24, 2005. A pretrial was conducted on February 8, 2005. A jury trial was conducted on April 6, 2005. The jury found appellant guilty on all charges. On May 6, 2005, appellant filed timely notice of appeal. Appellant's appeal is limited to his conviction of complicity to commit theft.
 {¶ 10} In his first assignment of error, appellant asserts there was insufficient evidence to support the complicity conviction. In support of this assignment, appellant claims that there was no evidence he and Bursley discussed the theft prior to it being committed. Appellant denies any knowledge of the theft prior to the conversation in the car on the way back to the party.
 {¶ 11} The Supreme Court of Ohio has defined the proper standard of appellate review in examining a challenge of a criminal conviction based upon an alleged failure to meet the "sufficiency of the evidence" standard. A reviewing court must determine whether the evidence submitted was legally sufficient to support the elements of the crime. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386-387. The reviewing court must determine whether a rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt when viewing the evidence in a light most favorable to the prosecution. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph 2 of the syllabus. As this court has consistently affirmed, the trier of fact is vested with the discretion to weigh and evaluate the credibility of conflicting evidence in reaching its determination. It is not within the proper scope of the appellate court's responsibility to judge witness credibility. State v. Hill, 6th Dist. No. OT-04-035,2005-Ohio-5028 at ¶ 42.
 {¶ 12} Appellant disputes the sufficiency of evidence presented to the trial court in support of the conviction of complicity. R.C. 2923.03(A) states in relevant part, "No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following: (2) Aid or abet another in committing the offense." On January 11, 2005, the clerk on duty at the gas station observed and identified the car found to have been driven by appellant driving away from the scene of the theft. Originally, appellant denied being the driver of the car. Bursley confessed to the theft and disclosed that appellant drove the car to and from the gas station. When questioned by the investigating officers as to whether appellant knew that Bursley was going to commit the theft, Bursley replied, "not at first."
 {¶ 13} While Bursley cooperated, appellant attempted to deceive the officers. Appellant steadfastly denied driving the car. Despite his denial, the officers had sufficient evidence and arrested appellant. In the course of his arrest, appellant shouted a multitude of vulgarities at the officers, made threatening remarks and was physically violent. Appellant inexplicably denied any knowledge of the incident, yet insisted that someone "with down's syndrome" had driven the get-away car.
 {¶ 14} Appellant's trial testimony attempting to explain his dishonesty was troublesome. Appellant testified that he lied about driving the vehicle because he was concerned that he would be unfairly charged with DUI if he told the truth. Appellant elaborated by explaining that although he had been consuming alcohol prior to driving, he "knew" he was legally sober. He explained his deceit to the officers as merely an attempt to avoid being charged with DUI.
 {¶ 15} Appellant admitted that he drank beer and vodka that evening but explained he absolutely knew he was below the legal limit while driving to the gas station. When the prosecutor inquired why appellant believed the officers could or would falsely charge him with DUI, appellant responded "I studied itin jail." During appellant's testimony, he also explained his belief at the time of the investigation that it was not a crime to lie to a police officer so long as he was not "under oath."
 {¶ 16} The record reveals ample testimony from appellant from which a rational jury could reasonably conclude appellant lacks credibility. The jury heard undisputed testimony from Bursley that appellant drove the vehicle used in the commission of the theft and was aware of the theft immediately upon departure from the gas station. Undisputed testimony was also presented by the investigating officers which established appellant's involvement in the commission of this crime. The evidence submitted was legally sufficient to enable a rational trier of fact to find the elements proven beyond a reasonable doubt. Appellant's first assignment of error is not well-taken.
 {¶ 17} In his second assignment of error, appellant asserts the jury verdict was against the manifest weight of the evidence. Our standard of review is to determine whether the jury clearly lost its way so as to create a manifest miscarriage of justice and warrant a reversal of the conviction. State v. Walach, 6th Dist. No. L-05-1008, 2005-Ohio-5456, at ¶ 6. A new trial may only be ordered if we find the conviction created a miscarriage of justice. State v. Thompkins (1997), 78 Ohio St.3d 380 at 387. As stated above, the record contains ample evidence from which a rational trier of fact could find the credibility of the testimony of the investigating officers and of Bursley implicating appellant outweighing appellant's contradictory and self serving testimony. There is nothing in the record suggesting the jury lost its way so as to result in a miscarriage of justice. Appellant's second assignment of error is not well-taken.
 {¶ 18} The judgment of the Norwalk Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Mark L. Pietrykowski, J., Dennis M.Parish, J., Concur.